FILED

2003 NOV 17 P 12:34

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ACTION MOTORS CORPORATION, :: | | CIVIL ACTION NO. |
| Plaintiff :: | | |
| v. :: | | 3:02CV1721 (AHN) |
| :: | | |
| EXISS ALUMINUM TRAILERS, INC. :: | | |
| TOURBILLON TRAILER SALES, INC. :: | | |
| Defendants :: | | November 14, 2003 |

## MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c) and Local Rule 37, Action Motors Corp. ("Action") hereby moves for a protective order to prevent defendants Exiss Aluminum Trailers, Inc. ("Exiss") and Tourbillon Trailer Sales, Inc. ("Tourbillon") from taking the deposition of Action on November 19, 2003, on the grounds that doing so would annoy and oppress Action, and cause undue burden and expense.

Michael Bernstein, Action's President, is not available to be deposed on November 19, 2003. Arguably, Action could produce a different witness on November 19, 2003. However, because Mr. Bernstein is the individual most knowledgeable in the matters likely to be explored by Defendants, Exiss and Tourbillon would likely need to depose him anyway,

1

causing unnecessary legal fees and expenses. In addition, Action's counsel is not available to defend a deposition on November 19, 2003, the absence of whom would oppress Action.

In addition, defendants have not yet fully complied with Action's January 28, 2003, discovery requests. Although this fact, in and of itself, is not grounds for a protective order, their failure to comply will either unnecessarily prolong Mr. Bernstein's deposition, or unnecessarily expose Mr. Bernstein to multiple depositions on the same subject.

The value and sources of damages to Action is a significant area to be explored by the parties in discovery. Indeed, each of the discovery requests appended to Exiss's Notice of Deposition seeks documents related to Action's damages, including "documents relating to, or reflecting, a loss or losses of revenue which [Action] attributes to either [Exiss or Tourbillon]." See Tab 1. The discovery requests that Action served upon both Exiss and Tourbillon on January 28, 2003, seek documents and information to substantiate its losses. To date, Exiss has partially complied and Tourbillon has not complied at all.

The parties conferred on the issue of Action's discovery requests, and compliance with Action's January 2003 discovery requests is likely in the next week or so. Still, if Action were forced to appear for deposition on November 19, 2003, it will either not be able to fully comply with Exiss's discovery requests, which will necessitate an additional deposition, or will not have had the opportunity to analyze the documents sufficiently, requiring a prolonged

2

deposition. Both of these options are annoying and oppressive to Action, and would result in undue burden or expense.

Exiss and Tourbillon notice Action's deposition for October 29, 2003, and November 4, 2003. Mr. Bernstein requested that the deposition be rescheduled because he had plans to be out of town on those dates. Based upon representations by Tourbillon, in late October and early November 2003, that responsive documents were being sent in short order, Action agreed to reschedule the deposition for November 14, 2003. On November 11, 2003, having not received the promised documents, Action requested that the deposition be postponed until the promised documents were received.

On November 13, 2003, Exiss noticed Action's deposition for November 19, 2003, a date when Mr. Bernstein and his lawyers are not available, without regard to whether Tourbillon or Exiss will have complied with Action's January 2003 discovery requests. As yet, Tourbillon has not renoticed Action's deposition for November 19, 2003.

Action requests a protective order that its deposition be scheduled within 15 of compliance by both Exiss and Tourbillon with Action's January 28, 2003, discovery requests. This postponement will not prejudice defendants because it will greatly reduce the likelihood of having to depose Mr. Bernstein more than once, and will ensure that the most knowledgeable person at Action is produced for deposition.

Action has attempted to resolve this discovery dispute with Exiss, but has been unable to do so. <u>See</u> Affidavit of Ward J. Mazzucco, at Tab 2.

WHEREFORED, Action respectfully requests a protective order that its deposition will not occur on November 19, 2003, but rather within 15 days of compliance by both Exiss and Tourbillon with Action's January 28, 2003, discover requests.

Respectfully submitted,

By: _____
Ward J. Mazzucco (Fed. Bar No. ct05941)
Frances Codd Slusarz (Fed. Bar No. ct24442)
Chipman, Mazzucco, Land & Pennarola, LLC
30 Main Street, Suite 204
Danbury, CT 06810-3043
Phone: (203) 744-1929
Fax: (203) 790-5954

**CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid and/or hand-delivered to: David P. Atkins, Esq. of Zeldes, Needle & Cooper, 1000 Lafayette Boulevard, P.O. Box 1740, Bridgeport, CT 06601-1740 and S. Dave Vatti, Esq. of Law Office of S. Dave Vatti, LLC, 375 Bridgeport Avenue, Third Floor, Shelton, CT 06484-3961 on this 14th day of November, 2003.

_____
Frances Codd Slusarz

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ACTION MOTORS CORPORATION, | : |
| Plaintiff, | : NO. 3:02CV1721 (AHN) |
| v. | : |
| EXISS ALUMINUM TRAILERS, INC. and TOURBILLION TRAILER SALES, INC., | : |
| Defendants. | : NOVEMBER 13, 2003 |

### DEFENDANT'S FOURTH NOTICE OF DEPOSITION OF PLAINTIFF

TO: Ward J. Mazzucco, Esq.
Frances Codd Slusarz, Esq.
Chipman, Mazzucco, Land & Pennarola, LLC
30 Main Street, Suite 204
Danbury, CT 06810-3043

S. Dave Vatti, Esq.
375 Bridgeport Avenue
Shelton, CT 06484

PLEASE TAKE NOTICE that in accordance with Rule 30(b)(6) Fed. R. Civ. P., Defendant in the above-entitled matter will take the deposition of Plaintiff Action Motors Corporation, commencing on **Wednesday, November 19, 2003**, beginning at 9:30 a.m. and continuing from day to day thereafter until completed, at the offices of Zeldes, Needle & Cooper, P. C., 1000 Lafayette Boulevard, 5th Floor, Bridgeport, Connecticut, 06604, before a Notary Public or such other officer as may be designated. The testimony shall be recorded by stenographic means.

The matters on which this deposition examination is requested include the allegations set forth in the Complaint dated September 26, 2002, the grounds for

Plaintiff's request for monetary damages and the calculation of any such claimed monetary damages.

In accordance with Rule 30(b)(5) and Rule 34(a), Plaintiff is directed to produce to the undersigned no later than November 17, 2003, all of the documents and materials described in Schedule A attached to this Notice.

Dated: November 13, 2003

_____
David P. Atkins (ct04819)

Zeldes, Needle & Cooper, P.C.
1000 Lafayette Boulevard
P.O. Box 1740
Bridgeport, CT 06604
Tele: (203) 333-9441
Fax: (203) 333-1489
Email: datkins@znclaw.com

Attorneys for Defendant
Exiss Aluminum Trailers, Inc.

2

## **SCHEDULE A**

As used herein, the following term shall have the meanings indicated below:

*Document.* The term "document" shall mean any written material of any kind including, but not limited to, any articles, calendars, diaries, e-mail messages, evaluations, invoices, letters, memoranda, messages, notes or statements of account, including any drafts or preliminary versions thereof, whether such documents are stored on computer systems (including, without limitation, on disks, tapes, drives or backup systems, including any off-site or third party backup systems) or as printed documents, and shall mean any recorded material of whatever kind including, but not limited to, any recordings made by the use of electronic and magnetic recording devices and/or computers.

1. Any and all documents related to, or reflecting, Plaintiff's demand for monetary damages.

2. Any and all documents related to, or reflecting, a loss or losses of revenue which Plaintiff attributes to either Defendant.

3. Any and all documents relating to, or reflecting, Plaintiff's calculation of such claimed damages, including, but not limited to: (a) the names of purchasers of those Exiss manufactured trailers whose sales Plaintiff attributes to its presence at the 2001 and 2002 Equine Affaire trade show; and (b) the profit Plaintiff earned on each 2001 and 2002 sale it attributes to its presence at the Equine Affaire trade show.

## CERTIFICATION

This is to certify that copies of the foregoing have been sent via facsimile transmission and by First Class United States Mail, postage prepaid, on this day to:

Ward J. Mazzucco, Esq.
Frances Codd Slusarz, Esq.
Chipman, Mazzucco, Land & Pennarola, LLC
30 Main Street, Suite 204
Danbury, CT 06810-3043
Fax No.: (203) 790-5954

S. Dave Vatti, Esq.
375 Bridgeport Avenue
Shelton, CT 06484
Fax No.: (203) 944-6012

Dated at Bridgeport, Connecticut this 13th day of November, 2003.

_____
David P. Atkins

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ACTION MOTORS CORPORATION,<br>Plaintiff<br>v.<br><br>EXISS ALUMINUM TRAILERS, INC.<br>TOURBILLON TRAILER SALES, INC.<br>Defendants | ::<br>::<br>::<br>::<br>::<br>::<br>::<br>:: | CIVIL ACTION NO.<br><br>3:02CV1721 (AHN)<br><br><br>November 14, 2003 |

STATE OF CONNECTICUT     )
                          ) ss. Danbury
COUNTY OF FAIRFIELD      )

WARD J. MAZZUCCO, being duly sworn, deposes and says:

1. I am over the age of 18 and believe in the obligations of an oath.

2. I make this affidavit on personal information, unless otherwise stated.

3. I am an attorney admitted to practice in the State of Connecticut. I am a member of the firm of Chipman, Mazzucco, Land & Pennarola, LLC, attorneys for plaintiff Action Motors Corp. ("Action").

4. Action filed discovery requests with defendants Exiss Aluminum Trailers, Inc. ("Exiss") and Tourbillon Trailer Sales, Inc. ("Tourbillon") on January 28, 2003, seeking, among

1

other things, documents and information to substantiate its claim for damages in this action. Exiss produced some documents, and some remain outstanding; Tourbillon has not produced any documents.

5. The parties conferred on the issue of Action's outstanding discovery requests. As a result, Tourbillon represented, in late October and early November, that responsive documents were to be produced immediately. Based on Tourbillon's representations, Action agreed that it would be available for deposition on November 14, 2003. Action would like full disclosure from Exiss and Tourbillon in advance of its deposition in order to avoid an unnecessarily long deposition, or multiple depositions on the subject of damages.

6. Because Action had not yet received the documents promised by Tourbillon, my associate, Frances Codd Slusarz, emailed the attorneys for Exiss and Tourbillon seeking to reschedule Action's deposition. See Exhibit A. Upon information and belief, she also left a voicemail for S. Dave Vatti, attorney for Tourbillon. I conferred with David P. Atkins, attorney for Exiss. Neither Attorney Slusarz nor I were able to resolve this matter with Attorneys Atkins and Vatti.

7. On November 13, 2003, Attorney Atkins noticed the deposition of Action for Wednesday, November 19, 2003, a date when Mr. Bernstein is not available, and neither I nor Attorney Slusarz can attend to defend the deposition.

2

Dated this 14th day of November, 2003.

*[signature]*
Ward J. Mazzucco

Subscribed and sworn to before me this 14th day of November, 2003.

*[signature]*
Frances Codd Slusarz
~~Notary~~/Commissioner of the
Superior Court.

## Frances C. Slusarz

**From:** Frances C. Slusarz
**Sent:** Tuesday, November 11, 2003 2:06 PM
**To:** 'David Atkins'; 'Dave Vatti'
**Cc:** Ward Mazzucco
**Subject:** Michael Bernstein's deposition

Because so much of Friday's deposition depends on Mr. Bernstein's calculation of damages, and we have yet to receive documents from Tourbillon and some of the Exiss documents, we have to postpone Mr. Bernstein's deposition by a few days. I understand that the Tourbillon documents are forthcoming in the next day or so, but even if we were to get them tomorrow, it doesn't leave enough time to analyze them. Mr. Bernstein is out of the office today, and I will contact you tomorrow with alternate dates.

Fran

Frances Codd Slusarz
Attorney at Law
Chipman, Mazzucco, Land & Pennarola, LLC
30 Main Street, Suite 204
Danbury, CT 06810
203 744-1929 tel
203 790-5954 fax
fcs@danburylaw.com
www.danburylaw.com

This message is subject to attorney-client privilege or is otherwise confidential. If you are not the intended recipient, please disregard and delete it. Thank you.